IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



Whitney Richardson, on behalf of
herself and all of those similarly situated

    Plaintiff,

    v.

Avis Budget Car Rental, LLC; Bridget
Whiteman; Deborah "Debbie" Pryor;
John and Jane Does 1-5

    Defendants.

Civil Action No. 3:16-cv-377 DPJ-FKB

# COMPLAINT

COMES NOW the Plaintiff and prospective Class Representative, under Federal Rule of Civil Procedure 23, Whitney Richardson, on behalf of herself and all of those similarly situation, who files suit against the above-named Defendants under Title VII of the Civil Rights Act of 1964, and seeking a declaration of rights under Federal Rule of Civil Procedure 57, and show as follows:

*JURY TRIAL DEMANDED*

## PARTIES

1.    The Plaintiff, Whitney Richardson ("Ms. Richardson"), is an adult resident of Hinds County, Mississippi. Ms. Richardson, an African American female, has been employed by Avis Budget Car Rental, LLC, or its affiliated companies, since February 2015. Ms. Richardson has experienced systemic racial discrimination and disparate treatment – consistent with the treatment of African American rental car agents for Avis Budget Rental

Car, LLC, or its affiliates, at the Jackson Medgar Wiley Evers International Airport – since the beginning of her employment

2. The first-named Defendant, Avis Budget Rental Car, LLC ("Avis Budget"), is a Delaware limited liability company, registered as a foreign company licensed to do business in the state of Mississippi, with its principal place of business located at: 6 Sylvan Way, Parsippany, New Jersey 07054. Avis Budget may be served with process through its registered agent with the Mississippi Secretary of State's Office: Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

3. The second-named Defendant, Bridget Whiteman ("Ms. Whiteman"), Unit Manager of the Jackson-Ever International Airport branch of Avid Budget, is a resident of Rankin County, Mississippi, who may be served at: 137 Hangar Drive, Jackson, Mississippi 39208.

4. The third-named Defendant, Deborah "Debbie" Pryor ("Ms. Pryor"), Supervisor of the Jackson-Ever International Airport branch of Avid Budget, is a resident of Rankin County, Mississippi, who may be served at: 137 Hangar Drive, Jackson, Mississippi 39208.

5. The fourth-named Defendants, John and Jane Does 1-5, are currently-unknown individuals who work for Avis Budget and have taken actions, or omitted to take reasonable actions, that have caused, or contributed to, the rampant culture of discrimination, retaliation, and disparate (negative) treatment of African American rental car agents at the Jackson-Evers International Airport location of Avid Budget.

## JURISDICTION AND VENUE

6. This Court possesses subject matter jurisdiction over the claims made in this Complaint based upon federal question jurisdiction under 28 U.S.C. § 1331. The federal statute triggered by this lawsuit is Title XII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*

7. This Court possesses personal jurisdiction over each of the Defendants in this action based upon their substantial and purposeful contacts with Mississippi, the forum state.

8. Venue for this dispute properly lies with this Court, as this litigation involves substantial alleged acts or omissions which occurred at the Jackson-Evers International Airport, located within United States District Court for the Southern District of Mississippi.

## REQUEST FOR CLASS CERTIFICATION UNDER FEDFERAL RULE OF CIVIL PROCEDURE 23

9. Ms. Richardson, on behalf of those similarly-situated African American rental car agents at the Jackson-Evers International Airport location of Avis Budget, seeks certification as the class representative for a class action lawsuit, under Rule 23 of the Federal Rules of Civil Procedure.

10. The class sought to be certified under Rule 23 of the Federal Rules of Civil Procedure, with Ms. Richardson as the class representative, is African American rental car agents who have worked at the Jackson-Evers International Airport location of Avis Budget for as long as is permitted by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*

11. Ms. Richardson, as an African American rental car agent who has endured constant and continual discrimination, disparate treatment, malicious retaliation, and harassment at the hands of the Defendants, and as a result of her race, is an appropriate class representative for all of those (number currently unknown) African American rental car agents who have, likewise, suffered from systemic discrimination, disparate treatment, harassment, actual/constructive termination, and retaliation at the hands of their employer, Avis Budget, particularly and especially at the Jackson-Evers International Airport location of Avis Budget.

12. Ms. Richardson, as the prospective class representative, and the prospective members of this class, under Federal Rule of Civil Procedure 23, have shared similar injuries, suffered from similar forms of systemic discrimination, to make certification of this proposed class appropriate under Rule 23(b)(2).

13. Specifically, as relates to the appropriated of this proposed class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Defendants have acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to the Ms. Richardson, and the class as a whole. The proposed class members are entitled to injunctive relief to end the Defendants' common, uniform, and/or unfair personnel policies and practices that discriminate on the basis of race.

14. Further, the proposed class is so numerous that joinder would be impracticable. Although the precise number of members of the proposed class is currently unknown, this number is far greater than can be feasibly addressed through joinder.

15. The class members of the proposed class also share common questions of fact and law. Among these common questions of fact are law are: (1) whether the Defendants' policies or practices discriminate against African American rental car agents at the Avis Budget located at the Jackson-Evers International Airport; (2) whether the Defendants' policies and practices violate the Title VII of the Civil Rights Act of 1964, as amended; and (3) whether monetary damages, injunctive relief, and/or other equitable remedies for the class are warranted.

16. Ms. Richardson, the proposed class representative, has suffered injuries, and has claims, that are typical of all African American rental car agents at the Avid Budget location in question, if not more generally.

17. Ms. Richardson, as the proposed class representative (the Class Plaintiff), will fairly and adequately represent and protect the interests of the members of the class.

18. As recognized by the Courts, "[a] suit for violation of Title VII is necessarily a class action as the evil sought to be ended is discrimination on the basis of a class characteristic, i.e. race, sex, religion or national origin." *Bowe v. Colgate-Palmolive*, 416 F.2d 711, 719-20 (7th Cir. 1969).

## ALLEGATIONS

19. Ms. Richardson, consistent with the systemic disparate treatment suffered by African American rental car agents at the Jackson-Evers International Airport location of Avis Budget, has suffered constant and continual discrimination, mistreatment, harassment, retaliation, lack of career promotion, and unfair "discipline" at the hands of the Defendants since her employment with Budget Avis began on or about February 2015.

20. This systemic disparate treatment, impermissible under Title VII of the Civil Rights Act of 1964, as amended, has been occurring at the hands of the Defendants for an unknown period of time – but, upon information and belief, has been occurring for many years prior to Ms. Richardson's employment with Avis Budget.

21. A copy of Ms. Richardson's formal Complaint, filed with the U.S. Equal Opportunity and Employment Commission ("the EEOC"), which further details the systemic disparate treatment that Ms. Richardson, consistent with the systemic disparate treatment suffered by African American rental car agents at the Jackson-Evers International Airport location of Avis Budget, is attached, and hereby fully incorporated into, this Complaint as Exhibit "1".

22. Ms. Richardson's Right-to-Sue Letter from the EEOC, and dated February 19, 2016, is attached, hereby fully-incorporated into, this Complaint as Exhibit "2".

23. Ms. Richardson's claims, on behalf of the prospective class, defined above, meet all elements of the causes of action pleaded below; and she, on behalf of the proposed class, defined above, is entitled to the damages declared in this Complaint.


(THIS SPACE INTENTIONALLY LEFT BLANK)

## COUNT ONE – VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. 2000e

24. Ms. Richardson incorporates by reference all allegations of all previous paragraphs and further alleges as follows:

25. The Defendants have committed systemic, continual, repeated, knowing, intentional, and malicious violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et. seq.* In particular, the Defendants have conspired and planned to systematically and wrongfully discriminate against African American rental car agents at the Jackson-Evers International Airport location of Avis Budget. This discrimination and disparate treatment includes, but is not limited to: harassment, intimidation, constructive termination, retaliation, and lack of career promotion.

26. BASED UPON THE ABOVE-PLEADED ALLEGATIONS, Ms. Richardson, on behalf of herself and all of those similarly situated, demands that she, as the Class Representative, be awarded damages in an amount that shall be proved to finder-of-fact at trial. However, these pleaded-damages include, but are not limited to: actual damages, compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and all other relief that is appropriate under Title VII to the Civil Rights Act of 1964, or that the Court finds to be just and equitable under the facts to be proven at trial.

THIS, the 19th day of May, 2016.

WHITNEY RICHARDSON, on behalf of herself and all of those similarly situation

By: /s/ Whitney Hansen

                                          Macy D. Hanson
                                        Attorney for the Plaintiff

MACY D. HANSON – MS BAR # 104197
macy@macyhanson.com
THE LAW OFFICE OF MACY D. HANSON, PLLC
THE ECHELON CENTER4
102 FIRST CHOICE DRIVE
MADISON, MISSISSIPPI 39110
TELEPHONE: (601) 853-9521
FACSIMILE: (601) 853-9327